# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **DAVID COLLINS**, individually and on behalf of all others persons similarly situated, 4001 Longview Road, Louisville, Kentucky  40299, | )<br>)<br>)<br>)<br>) |
| **DORIAN HOWARD**, individually and on behalf of all others persons similarly situated, 1550 Willow Way, Radcliff, Kentucky  40160, | )<br>)<br>)<br>)<br>) |
| **DANIEL KEZIOS**, individually and on behalf of all others persons similarly situated, 3724 Rouge Way, Louisville, Kentucky  40218, | )<br>)<br>)<br>)<br>) |
| **WANDA D. TEMPLETON**, individually and on behalf of all others persons similarly situated, 903 Exmoor Avenue, Louisville, Kentucky 40223 | )<br>)<br>)<br>) |
| **and** | ) |
| **AVERY TESLA**, individually and on behalf of all others persons similarly situated, 1621 Indiana Avenue, New Albany, Indiana  47150 | )<br>)<br>)<br>)<br>)<br>) |
| **PLAINTIFFS,** | ) |
| v. | )<br>) |
| **KINDRED HEALTHCARE, INC.**<br>680 South Fourth Street<br>Louisville, KY  40202 | )<br>)<br>)<br>) |
| **DEFENDANT.** | )<br>) |
| **SERVE**:     **CT CORPORATION SYSTEM**<br>              **306 WEST MAIN STREET**<br>              **SUITE 512**<br>              **FRANKFORT, KY  40601** | )<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND JURY DEMAND**

**CIVIL ACTION NO.**

3-16-cv-227-DJH
_____

Come the Plaintiffs, in their individual capacities and on behalf of all other persons similarly situated, and for their respective causes of action against the above-named Defendant state as follows:

## I.

## **PARTIES**

1. Plaintiff, David Collins (hereinafter "Collins"), at all times pertinent to the allegations in this Complaint was a resident of Louisville, Jefferson County, Kentucky. Plaintiff Collins currently resides at 4001 Longview Road, Louisville, Jefferson County, Kentucky. Plaintiff Collins was employed by Defendant Kindred Healthcare, Inc. as an Application Support Analyst from on or about May 2011 until on or about February 2016.

2. Plaintiff, Dorian Howard (hereinafter "Howard"), at all times pertinent to the allegations in this Complaint was a resident of Radcliff, Hardin County, Kentucky. Plaintiff Howard currently resides at 1550 Willow Way, Radcliff, Hardin County, Kentucky. Plaintiff Howard was employed by Defendant Kindred Healthcare, Inc. as an Application Support Analyst from on or about September 2011 until on or about October 2014.

3. Plaintiff, Daniel Kezios (hereinafter "Kezios"), at all times pertinent to the allegations in this Complaint was a resident of Louisville, Jefferson County, Kentucky. Plaintiff Kezios currently resides at 3724 Rouge Way, Louisville, Jefferson County, Kentucky. Plaintiff Kezios was employed by Defendant Kindred Healthcare, Inc. as an Application Support Analyst from on or about July 2013 until on or about November 2015.

4. Plaintiff, Wanda D. Templeton (hereinafter "Templeton"), at all times pertinent to the allegations in this Complaint was a resident of Louisville, Jefferson County, Kentucky. Plaintiff Templeton currently resides at 903 Exmoor Avenue, Louisville, Jefferson County, Kentucky. Plaintiff Templeton was employed by Defendant Kindred Healthcare, Inc. as an Application Support Analyst from on or about December 2012 until on or about September 2015.

5. Plaintiff, Avery Tesla (hereinafter "Tesla"), at all times pertinent to the allegations in this Complaint was a resident of New Albany, Floyd County, Indiana. Plaintiff Tesla currently resides at 1621 Indiana Avenue, New Albany, Floyd County, Indiana. Plaintiff Tesla was employed by Defendant Kindred Healthcare, Inc. as an Application Support Analyst from on or about April 2012 until on or about December 2015.

6. Defendant, Kindred Healthcare, Inc. (hereinafter "Kindred"), is and at all times pertinent hereto was a for-profit corporation existing under the laws of the State of Delaware with its principal place of business being located at 680 South Fourth Street, Louisville, Jefferson County, Kentucky. Its statutory agent for service of process on record with the Kentucky Secretary of State's office is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

## II.

### JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. Section 201 *et seq.* (hereinafter "FLSA"). Furthermore, this Court has supplemental jurisdiction over

the claims set forth herein pursuant to KRS Chapter 337 (Kentucky Wage and Hour statutes) as the state law claims alleged herein arise from the same set of operative facts as the federal law claims set forth in the Complaint under the FLSA.

### III.

### NATURE OF CASE

8. This Complaint asserts claims against Defendant Kindred for violations of the provisions of the FLSA, 29 U.S.C. Section 201 *et seq.,* KRS 337.050, and/or KRS 337.285 for the Defendant's failure to properly pay overtime compensation to eligible employees under federal and state law. This action is brought as a collective action on behalf of all individuals, at any time during the three year period preceding the filing of the Complaint, who have been or are currently employed by Defendant Kindred as an Application Support Analyst or in a similar position with the same essential job duties, who did not receive or have not received overtime compensation as required by the FLSA.[1]

9. At all times relevant hereto, the FLSA provided:

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours specified above at a rate not less than one and one-half times the regular rate at which he is employed.

---

[1] Pursuant to 29 U.S.C. Section 216(b) an action brought under the FLSA "to recover the liability… may be maintained … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

4

29 U.S.C. Section 207(a)(1).  Defendant Kindred has intentionally and improperly refused to pay its eligible employees proper overtime wages as required by federal and state law.

      10.    29 U.S.C. Section 216(b) provides, in pertinent part, as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their…unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages… An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent if filed in the court in which such action is brought.  The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action…

See  29 U.S.C. Section 216(b).

      11.    At all times relevant hereto, KRS 337.050(1) provided that "[a]ny employer who permits any employee to work seven (7) days in any one (1) workweek shall pay him at the rate of time and a half for the time worked on the seventh day.  For purposes of this subsection, the term 'workweek' shall mean a calendar week or any other period of seven (7) consecutive days adopted by the employer as the workweek with the intention that the same shall be permanent and without the intention to evade the overtime provision set out herein."  As alleged herein, Defendant Kindred has intentionally and improperly failed to comply with the provisions of KRS 337.050(1) in order to avoid paying overtime wages and other benefits to the Plaintiffs.

5

12. At all times relevant hereto, KRS 337.285(1) provided "[n]o employer shall employ any of his employees for a work week longer than forty (40) hours, unless such employee receives compensation for his employment in excess of forty (40) hours in a work week at a rate of not less than one and one-half (1 ½) times the hours wage rate at which he is employed." As alleged herein, Defendant Kindred has intentionally and improperly refused to pay the Plaintiffs overtime wages and other benefits as required by state law.

13. At all times relevant hereto, KRS 337.385(1) provided, in pertinent part, as follows:

> Any employer who pays any employee less than wages and overtime compensation to which such employee is entitled to under or by virtue of KRS 337.020 to 337.285 shall be liable to such employee affected for the full amount of such wages and overtime compensation, less any amount actually paid to such employee by the employer, for an additional equal amount of liquidated damages, and for costs and such reasonable attorney's fees as may be allowed by the court. Provided, that if, in any action commenced to recover such unpaid damages or liquidated damages, the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act was not in violation of KRS 337.020 to 337.285, the court may, in its sound discretion, award no liquidated damages, or award any amount thereof not to exceed the amount specified in this section... Such an action may be maintained in any court of competent jurisdiction by any one (1) or more employees for and in behalf of himself or themselves.

KRS 337.385(1).

14. In this collective action under Federal law as well as the state law wage and hour actions, Plaintiffs seek for themselves and all others similarly situated injunctive relief in the form of an order prohibiting Defendant Kindred from requiring employees who do not meet the federal and state statutory and

regulatory requirements for overtime exemption from working more than forty hours per week without the payment of overtime wages or working in excess of six days in a workweek as defined at KRS 337.050 without the payment of overtime wages; an award of unpaid overtime wages and liquidated damages to Plaintiffs including Collective Action members under the FLSA and Plaintiffs pursuant to state law; attorney's fees and costs; pre-judgment and post-judgment interest on any damages so awarded; and any other relief requested herein.

### IV.

### FAIR LABOR STANDARDS ACT COLLECTIVE ACTION ALLEGATIONS

15. Plaintiffs seek to represent all natural persons who, at any time during the three years prior to the filing of this Complaint to the date of the filing of a motion for certification of a collective action under the FLSA, who have been or are currently employed as Application Support Analyst or otherwise employed in similar positions with different job titles but performing the same essential job duties for Defendant Kindred who did not or have not received overtime compensation as required by Federal law.

16. Plaintiffs are similarly situated to the Collective Action Members in that Plaintiffs and the Collective Action Members were or are currently employed by Defendant Kindred as Application Support Analyst or in similar positions with different job titles but performing the same essential job duties for Defendant Kindred. Defendant Kindred has improperly classified the Plaintiffs and the Collective Action Members as "exempt" employees not entitled to overtime

compensation; and Defendant Kindred has unlawfully failed to pay the Plaintiffs and the Collective Action Members overtime compensation in violation of Federal law.

17. This action is maintainable as an "opt-in" collective action pursuant to the provisions of 29 U.S.C. Section 216(b) which provides, in pertinent part, that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

18. All Collective Action Members or potential Collective Action Members should be given notice and allowed to give their consent in writing to participate in or otherwise "opt into" this collective action pursuant to 29 U.S.C. Section 216(b).

V.

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Overtime Compensation in Violation of KRS 337.285)**

19. The preceding paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

20. Pursuant to KRS 337.385(1) any employee may bring an action against his or her employer in any court of competent jurisdiction for the employer's violation of KRS 337.285.

21. At all times relevant hereto, the Plaintiffs were or are currently "employees" of the Defendant within the meaning of KRS 337.285(1).

22. At all times relevant hereto, Defendant Kindred was an "employer" within the meaning of KRS 337.285(1).

23. At all times relevant hereto, KRS 337.285(1) provided that "[n]o employer shall employ any of his employees for a work week longer than forty (40) hours, unless such employee receives compensation for his employment in excess of forty (40) hours in a work week at a rate of not less than one and one-half (1 ½) times the hours wage rate at which he is employed."

24. Defendant Kindred has intentionally and improperly designated the Plaintiffs as "exempt" from the payment of overtime wages as required pursuant to KRS 337.285(1) in order to avoid paying overtime wages and other benefits to the Plaintiffs.

25. Plaintiffs are informed, believe, and thereon allege that Defendant Kindred knew or should have known that the Plaintiffs did not qualify as "exempt" employees within the context of Chapter 337 of the Kentucky Revised Statutes and any applicable administrative regulations set forth in the Kentucky Administrative Regulations but nonetheless purposely elected not to pay them for their respective overtime wages as required by KRS 337.285(1).

26. During their employment with Defendant Kindred, Plaintiffs frequently were required to work more than forty hours per week without the payment of overtime wages and other benefits.

27. As a direct and proximate result of Defendant's intentional and unlawful violations of KRS 337.285(1), Plaintiffs suffered damages including, but not limited to, unpaid overtime compensation and other benefits according to proof and are entitled to an award of liquidated damages. Plaintiffs also seek the payment of a

reasonable attorney's fee and their costs pursuant to KRS 337.385(1), and pre-judgment and post-judgment interest as allowed by law.

28. Plaintiffs also request the relief as described below.

## VI.

### SECOND REQUEST FOR RELIEF
### (Failure to Pay Overtime Compensation in Violation of KRS 337.050)

29. The preceding paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

30. Pursuant to KRS 337.385(1) any employee may bring an action against his or her employer in any court of competent jurisdiction for the employer's violation of KRS 337.050.

31. At all times relevant hereto, the Plaintiffs were or are currently "employees" of the Defendant within the meaning of KRS 337.050(1).

32. At all times relevant hereto, Defendant Kindred was an "employer" within the meaning of KRS 337.050(1).

33. At all times relevant hereto, KRS 337.050(1) provided that "[a]ny employer who permits any employee to work seven (7) days in any one (1) workweek shall pay him at the rate of time and a half for the time worked on the seventh day. For purposes of this subsection, the term "workweek" shall mean a calendar week or any other period of seven (7) consecutive days adopted by the employer as the workweek with the intention that the same shall be permanent and without the intention to evade the overtime provision set out herein."

34. Defendant Kindred has intentionally and improperly designated the Plaintiffs as "exempt" from the payment of overtime wages within the context of

KRS 337.050 and administrative regulations interpreting this statutory provision in order to avoid paying overtime wages and other benefits to the Plaintiffs as required by KRS 337.050(1).

35. Plaintiffs are informed, believe, and thereon allege that Defendant Kindred knew or should have known that the Plaintiffs did not qualify as "exempt" employees within the context of KRS 337.050 and any applicable administrative regulations set forth in the Kentucky Administrative Regulations but nonetheless purposely elected not to pay them for their respective overtime wages as required by KRS 337.050(1).

36. During their employment with Defendant Kindred, Plaintiffs were frequently required to work seven days during a workweek without the payment of overtime wages and other benefits as required by KRS 337.050(1).

37. As a direct and proximate result of Defendant's intentional and unlawful violations of KRS 337.050(1), Plaintiffs have suffered damages including, but not limited to, unpaid overtime compensation and other benefits according to proof and are entitled to an award of liquidated damages. Plaintiffs also seek the payment of a reasonable attorney's fee and their costs pursuant to KRS 337.385(1), and pre-judgment and post-judgment interest as allowed by law.

38. Plaintiffs also request the relief as described below.

**VII.**

**THIRD CLAIM FOR RELIEF**
**(Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et seq.*)**

39. The preceding paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

40. At all times relevant hereto, the FLSA provided:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours specified above at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. Section 207(a)(1).

41. At all times relevant hereto, 29 U.S.C. Section 216(b) provided that "…[a]n action to recover the liability prescribed in [29 U.S.C. Section 207] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated…"

42. At all times relevant hereto, the Plaintiffs including future Collective Action Members, if any, were or are currently "employees" of Defendant Kindred within the meaning of the FLSA.

43. At all times relevant hereto, Defendant Kindred was an "employer" within the meaning of the FLSA.

44. Defendant Kindred has intentionally and improperly designated the Plaintiffs including future Collective Action Members, if any, as "exempt" from the payment of overtime wages within the context of the FLSA in order to avoid paying overtime wages and other benefits to the Plaintiffs including future Collective Action Members.

45.     Plaintiffs including future Collective Action Members, if any, are informed, believe, and thereon allege that Defendant Kindred knew or should have known that the Plaintiffs including future Collective Action Members did not qualify as "exempt" employees within the context of the FLSA but nonetheless purposely elected not to pay them for their respective overtime wages as required under the FLSA.

46.     During their employment with Defendant Kindred, Plaintiffs including future Collective Action Members, if any, frequently were required to work more than forty hours per week without the payment of overtime wages and other benefits.

47.     As a direct and proximate result of the Defendant's violations of the FLSA, Plaintiffs including future Collective Action Members, if any, have suffered damages including, but not limited to, unpaid overtime compensation, an additional amount equal to liquidated damages, a reasonable attorney's fee, and the costs of this action. Plaintiffs including Collective Action Members also seek the payment of pre-judgment and post-judgment interest as allowed by law.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

### As to the First Claim for Relief:

1. For compensatory damages in an amount to be determined by proof at trial representing the amount of unpaid overtime compensation owed to Plaintiffs for the period of time from five years from the date the Complaint is filed to the conclusion of trial for Defendant's violations of KRS 337.285;

2. An award of liquidated damages to the Plaintiffs as provided for by KRS 337.385;

3. Pre-judgment and post-judgment interest on those damages at the prevailing legal rate;

4. For the Plaintiffs' costs expended herein including a reasonable award for attorney's fees as provided for by KRS 337.385;

5. A trial by jury; and

6. Any and all other relief that this Court deems appropriate.

**As to the Second Claim for Relief:**

7. For compensatory damages in an amount to be determined by proof at trial representing the amount of unpaid overtime compensation owed to the Plaintiffs for the period of time from five years from the date the Complaint is filed to the conclusion of trial for Defendant's violations of KRS 337.050;

8. An award of liquidated damages to the Plaintiffs as provided for by KRS 337.385;

9. Pre-judgment and post-judgment interest on those damages at the prevailing legal rate;

10. For the Plaintiffs' costs expended herein including a reasonable award for attorney's fees as provided for by KRS 337.385;

11. A trial by jury; and

12. Any and all other relief that this Court deems appropriate.

**As to the Third Claim for Relief:**

13. For compensatory damages in an amount to be determined by proof at trial representing the amount of unpaid overtime compensation owed to the Plaintiffs including future members of the Collective Action, if any, for the period of time from three years from the date the Complaint is filed to the conclusion of trial for Defendant's violations of the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et seq.*;

14. An award of liquidated damages to the Plaintiffs including future Collective Action Members, if any, as provided for by 29 U.S.C. Section 216(b);

15. Pre-judgment and post-judgment interest on those damages at the prevailing legal rate;

16. For the Plaintiffs' including future Collective Action Members' costs expended herein including a reasonable award for attorney's fees as provided for by 29 U.S.C. Section 216(b);

17. A trial by jury; and

18. Any and all other relief that this Court deems appropriate.

**As to All Claims for Relief:**

19. Injunctive relief in the form of an order prohibiting Defendant Kindred from requiring employees who do not meet the state and/or federal statutory and regulatory requirements for overtime exemption from working more than forty hours per week without the payment of overtime wages or working in excess of six days in a workweek as defined within the context of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et seq.* and/or within Kentucky Wage and Hour statutes set forth at KRS Chapter 337 without the payment of overtime wages.

Respectfully submitted,

  /s/   Charles W. Miller
Charles W. Miller
Rheanne D. Falkner
Erica Wood
**MILLER & FALKNER**
Waterfront Plaza, Suite 2104
325 West Main Street
Louisville, KY  40202
(502) 583-2300

**COUNSEL FOR PLAINTIFFS**

15